**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| GORDON MITCHUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | JURY DEMANDED |
| CITY OF INDIANAPOLIS, | ) | |
| INDIANAPOLIS METROPOLITAN | ) | |
| POLICE DEPARTMENT ("IMPD"), | ) | |
| and in their official and individual | ) | |
| capacities, the following IMPD officers: | ) | |
| BRYAN ROACH, CRAIG HEDDEN, | ) | |
| MOLLY GROCE, TOM WHITE, | ) | |
| RICHARD FAULKNER, ALFRED | ) | |
| ROBINSON, and DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT FOR DAMAGES

---

Plaintiff Gordon Mitchum, by undersigned counsel, hereby sets forth the following complaint against Defendants:

### **PARTIES**

1.     Plaintiff Gordon Mitchum ("Mr. Mitchum") is a resident of Marion County, Indiana, and is a citizen of the United States. Plaintiff is 78-years-old. He may be served through his attorneys, whose contact information appears below.

2.     Defendant City of Indianapolis (the "City") is responsible for the conduct of  the Indianapolis Metropolitan Police Department ("IMPD"), which is a police force located in Marion County, Indiana.

3.     At the time of the incident that gave rise to the Complaint, the Chief of the IMPD was Bryan Roach.

4.     The present Chief of the IMPD, Bryan Roach, was appointed on January 11,

2017.

5.      To the extent required, Plaintiff names separately the Indianapolis Metropolitan Police Department Officers in their official and individual capacities. Those individuals whose identities are currently known are: Sergeant Craig Hedden, Officer Molly Groce, Officer Tom White, Officer Richard Faulkner and Officer Alfred Robinson.

6.      All individually named defendants and Doe defendants were working as law enforcement officers on May 31, 2018.

7.      All Defendants can be served at the City County Building, 200 East Washington Street, Room 1601, Indianapolis, Indiana 46204.

8.      At this time, Plaintiff is unaware of the true names and capacities of the Doe Defendants within the circumstances relating to the facts of the above captioned matter. Plaintiff will seek leave of the Court to amend this Complaint when they identify the individual Defendants through discovery.

## JURISDICTION AND VENUE

9.       Defendant City oversees law enforcement and public entities in Indianapolis, Indiana, including the Indianapolis Metropolitan Police Department.

10.     All Defendants are based exclusively in Marion County, Indiana

11.     All events at issue in this case occurred in Marion County.

12.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and § 1343. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988.

15.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

16.     On or about July 16, 2018, Plaintiffs sent a written tort claims notice to Defendants pursuant to Ind. Code § 34-13-3-8.

17.     This Complaint is thus timely and properly commenced on all Federal and State law claims.

## **FACTUAL ALLEGATIONS**

18.     On May 31, 2018, the IMPD was in the area of Mr. Mitchum's home at 3231 North Gladstone Avenue, searching for two suspects, who were being pursued for a carjacking.

19.     One suspect hopped a fence of Mr. Mitchum's neighbor.

20.     Neither suspect entered onto Mr. Mitchum's property.

21.     Mr. Mitchum was in his yard working on his tractor.

22.     Approximately 10-12 officers were on the south side of Mr. Mitchum's driveway.

23.     Mr. Mitchum went on his porch to observe the commotion.

24.     IMPD Officer Groce and IMPD canine ("Obi") checked Mr. Mitchum's yard for the fleeing suspect.

25.     While on the leash, the IMPD canine came behind Mr. Mitchum and bit him.

26.     Mr. Mitchum did not see the IMPD canine as he was sitting on his porch until the canine bit him.

27.     The IMPD canine was on a long, non-retractable leash.

28.     The IMPD canine was handled by a female officer.

29.     The IMPD canine was either a German Shepherd, Belgian Malinois, or a Dutch Shepherd.

30.     The IMPD canine bit and clamped down on Mr. Mitchum's left leg and violently pulled Mr. Mitchum from his chair.

31.     After the IMPD canine viciously mauled Mr. Mitchum's left leg, the canine then bit his right foot. See Ex. 1.

32.     The IMPD Officers did not call an ambulance for Mr. Mitchum.

33.     IMPD canines undergo various trainings in order to serve as part of the police force.

34.     The IMPD canine is trained to bite the first person he sees.

35.     Without smelling the suspect first, the canine does not have the cognitive ability to discern between a suspect and an innocent bystander.

36.     The City and the IMPD are aware that their canines attack and harm innocent bystanders.

37.     The City and the IMPD are aware that the policies and procedures related to the use of their canines do not protect, or else actually endanger, innocent bystanders.

38.     To prevent infection, wounds caused by animal bites should not be closed.

39.     For the months of June and July, Mr. Mitchum had to go to IU Health Hospital twice a week to have his wounds cleaned.

40.     Mr. Mitchum still experiences numbness in his left leg from the violent attack.

41.     No one has contacted Mr. Mitchum to discuss his medical bills.

42.     Mr. Mitchum endured extreme physical pain, suffering and emotional distress as well as financial loss.

## DAMAGES

43.     As a direct, legal, and proximate result of Defendants' acts and/or omissions, Plaintiff sustained significant economic and non-economic damages, including, but not limited to, medical expenses, physical pain, emotional distress, and violations of their constitutional rights.

44.     As a direct, legal, and proximate result of Defendants' acts and/or omissions, Mr. Mitchum has sustained special and economic damages representing surgeries, physical therapy, and future costs associated with surgeries and other medical procedures to address his injuries.

45.     As a direct, legal, and proximate result of Defendants' acts and/or omissions, Plaintiffs seek all damages and remedies allowable pursuant to 42 U.S.C. §§ 1983 and 1988, the applicable federal law.

46.     Defendants acted with oppression, malice, deliberate indifference, and/or willful and wanton recklessness, which justifies the imposition of punitive and exemplary damages.

**COUNT 1: Violation of 4th and 14th Amendment Rights (42 U.S.C. § 1983)**
(vs Defendant IMPD Officers)

47.   Plaintiff incorporates by reference the preceding paragraphs of this complaint as though fully set forth herein.

48.   At all times herein mentioned, Defendants had an obligation to comply with the Fourth and Fourteenth Amendments to the United States Constitution.

49.   Defendants failed to meet this obligation with respect to the Plaintiff.

50.   Defendant Officers acted under color of law in using excessive and unreasonable force against Mr. Mitchum when they restrained his liberty by directing the IMPD canine onto the property of Plaintiff, intending to effect a seizure, knowing that the canine was specifically trained to violently seize anyone in the space in which he was deployed, and thus causing the canine to maul, bite, and incapacitate Mr. Mitchum, resulting in severe and permanent injuries.

51.   Defendants' seizure and excessive force violated Plaintiff's rights under the Fourth Amendment to be secure in his person from unreasonable searches and seizures.

52.   Defendants' seizure and excessive force violated Plaintiff's substantive due process rights under the Fourteenth Amendment through actions and omissions that shock the conscience.

53.   As a direct and legal result of Defendants' violations of the Fourth and Fourteenth Amendments, Plaintiff sustained significant economic and non-economic damages as alleged herein.

**COUNT 2: Violation of 4th and 14th Amendment Rights (42 U.S.C. § 1983)**
(vs. City of Indianapolis and IMPD Chief Roach)

54.   Plaintiff incorporates by reference the preceding paragraphs of this complaint as though fully set forth herein.

55.     The policies, customs, regulations, practices, acts, and omissions of Defendants City of Indianapolis and Chief Bryan Roach, in his official capacity, regarding the use of IMPD canines, and subjecting people to excessive force, were moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by Plaintiff.

56.     The seizure of and severe attack on Mr. Mitchum resulted from a policy of allowing the improper use of IMPD canines, a form of deadly force, to pursue a minor felon in circumstances where innocent third parties or bystanders could reasonably be expected to be present.

57.     Defendants have subjected other individuals besides Mr. Mitchum to excessive force, including but not limited to excessive force through the misuse of police canines.

58.     Further, Defendants' adoption, ratification, and approval of the misconduct of the individually named Defendant Officers, as alleged herein, were moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by Plaintiff.

59.     Defendants' failure to properly train, supervise, and control the IMPD Officers regarding the proper use of IMPD canines, and the proper use of force, were the actual and proximate cause of the violations of constitutional rights and the resulting damages suffered by Plaintiffs.

60.     Defendants knew or should have known that their acts and omissions were likely to result in a violation of the Fourth and Fourteenth Amendment rights of innocent persons.

61.     As a direct, legal, and proximate result of the Defendants' deliberate indifference, gross negligence, or reckless disregard, Plaintiff suffered economic and noneconomic damages.

### COUNT 3: Negligence
(vs. IMPD)

62.     Plaintiff incorporates by reference the preceding paragraphs of this complaint as though fully set forth herein.

63.     Defendants have a duty of reasonable care to the public as it relates to the canine unit training, however named, within the IMPD.

64.     Defendants breached that duty of when the IMPD trainer taught canine units to bite after a canine officer issues an order to bite whether or not a member of the public is a suspect or innocent bystander.

65.     The direct, legal, and proximate result of Defendants' deliberate indifference gross negligence, reckless disregard and/or breach of duty regarding the canine training program, resulted in the Plaintiff suffering economic and noneconomic damages.

### COUNT 4: Negligence
(vs. Officers Handling Canine Obi)

66.     Plaintiff incorporates by reference the preceding paragraphs of this complaint as though fully set forth herein.

67.     Defendants  have a duty to act with reasonable care, especially when it includes interacting with innocent bystanders.

68.     Defendants breached that duty of care when the officers and the canine entered Mr. Mitchum's property and the IMPD canine violently attacked Mr. Mitchum without cause or justification.

69.     Further, Defendants breached that duty of care when the officer trained the canine to attack Mr. Mitchum without verifying his identity.

70.     As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, or reckless disregard, Plaintiffs suffered economic and noneconomic damages.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

A.  That judgment be entered in his favor and against all Defendants;

B.  That Plaintiff receives damages for the physical and emotional harm he sustained as a result of the Defendants' deliberate indifference to and/or disregard of his constitutional rights;

C.  That Plaintiff receives damages for the physical and emotional harm he sustained as a

    result of the Defendants' tortious conduct;

D.  An award of punitive damages to discourage Defendants' from similar future
    conduct;

E.  Attorney's fees pursuant to 42 U.S.C. § 1988; and

F.  All other relief just and proper in the premises.

**JURY DEMAND**

Plaintiffs demand that this matter be tried by a jury.

Respectfully submitted,

*s/ Jonathan C. Little*
Jonathan C. Little
Derrick Morgan, Jr.
SAEED & LITTLE, LLP
#189 – 133 West Market Street
Indianapolis, IN 46204
(317) 721-9214
jon@sllawfirm.com
derrick@sllawfirm.com