IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GORDON MITCHUM,                                       ) | |
|              Plaintiff,                         ) | |
| v.                                                                   ) | Case No. 1:19-cv-02277-DLP-JPH |
| CITY OF INDIANAPOLIS,                             ) <br> INDIANAPOLIS METROPOLITAN POLICE ) <br> DEPARTMENT, and in their official and       ) <br> Individual capacities, the following IMPD officers: ) <br> RANDALL TAYLOR, MOLLY GROCE        ) <br> , and DOES 1-50,                                       ) | |
|              Defendants.                     ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE THE EXPERT REPORTS OF KYLE HEYEN AND TIM HARTSOCK**

Comes now the Defendants, by counsel, having filed their Motion to Strike the Expert Reports of Kyle Heyen and Tim Hartsock [Dkt. 95.], and hereby submit their reply brief in support of said motion. For the reasons set forth below, Kyle Heyen's and Tim Hartsock's expert reports and testimony should be stricken.

**INTRODUCTION**

Plaintiff fails to set forth any law or fact that would allow this Court to qualify Mr. Heyen or Mr. Hartsock as experts in the field of police canine training or policies. Both Mr. Heyen's and Mr. Hartsock's lack of qualifications renders their reports, deposition testimony, and anticipated testimony unreliable. The burden of showing an expert's testimony to be relevant and reliable is with the proponent of the evidence. *See Brown v. Burlington Northern Santa Fe Railway Co.*, 765 F.3d 765,772 (7th Cir. 2014).

**ARGUMENT**

**A. Heyen should not be qualified as an expert for this case.**

To determine whether expert testimony is admissible, the court must first determine whether the expert is qualified in the relevant field. *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 640 (7th Cir. 2003). Heyen is not qualified because:

(1) he has not trained a police dog in twenty-one years [Dkt. 95-3, Heyen Dep p. 8, lines 8-10],

(2) he has been a guest presenter once in the last thirty years [Dkt. 95-2, Heyen CV, p. 1],

(2) he has been retired from law enforcement for thirty years [Dkt. 95-2; Dkt 95-3, , p. 31, lines 6-22],

(3) he has not been to a police service dog school or training seminar in thirty years [Dkt. 95-2, p. 3],

(4) he has not had a major contract for dogs who apprehend civilians in twenty-five years [Dkt. 95-2, p. 3], and

(5) he has open disdain for police canine membership associations where he could keep himself apprised of developments, certifications standards, etc. [Dkt. 95-3, p. 61, lines 17-18].

In his response, Plaintiff points to *Campbell v. City of Springboro, Ohio*, 788 F. Supp. 2d 637, as a case where Heyen could testify as an expert. In that case, Defendants did not challenge Heyen's lack of continuing education or membership in canine associations. (2011 WL 13323523, Defendants Motion to Strike Affidavit of Plaintiff's Expert, Kyle K. Heyen.) Rather, the Defendants only argued that he was not qualified to offer testimony on Ohio Police K-9 units

because he did not incorporate Ohio's Administrative Code, that his theories have not been subject to review or publication, and that he based some opinions on speculation. *Id*. At that time, it had been ten years since Heyen had trained a police dog, twenty years since he had served as a guest presenter/trainer, twenty years since he had been retired from law enforcement, twenty years since he had been to a police service dog school or training seminar, and fifteen years since Heyen had a major contract to train dogs who apprehended civilians. That court erred in admitting Heyen as an expert because it did not consider his lack of continuing education or lack of membership in police or civilian canine associations. Almost a decade has passed since the Southern District of Ohio issued that opinion. Since then, Heyen has participated in only one seminar (2016) and is still not completing any continuing education or enrolled as a member of canine associations.

Plaintiff's response only specifically addresses Defendants' argument that Heyen has not trained a police canine in twenty-one years. [Dkt. 114, p. 5.] This is only part of the story. Not only does Heyen eschew membership in and the standards of police canine associations, but he has also completely neglected continuing education on police canines and policies for the better part of thirty years. [Dkt. 95-2, p. 3][Dkt. 95-3, p. 61, lines 17-18]. Although he testified that he conducted research on the internet, his internet research does not make him an expert in police canines and policies. [Dkt. 95-3, p. 62, lines18-25.] This internet research would not assist the trier of fact. Plaintiff has not shown how Heyen's report and testimony are reliable based on his apparent lack of qualifications. *Brown supra.*

**B. Hartsock should not be qualified as an expert for this case.**

Hartsock has no experience in training dogs in police apprehension or in analyzing the constitutionality of police canine policies. He has never been a law enforcement officer. [Dkt.

95-6, Hartsock Dep, p. 35, lines1-4.] Instead, Hartsock has only tracked human remains with police departments, not apprehended live suspects. [Dkt. 95-6, p. 36, lines 1-25; p. 37 lines 1-25; p. 37, lines 20-23.] His testimony is not reliable because he has zero experience concerning the use of canines by police when apprehending suspects or in the analysis of the constitutionality of police canine policies—which are the subjects that he has offered opinions about in this case.

Plaintiff points to Hartsock's work with law enforcement individuals from departments in Wisconsin and Kentucky, his work with the Indiana Department of Homeland Security, and his work with Law Enforcement Training Specialists as evidence that he is qualified to offer expert testimony in this case. [Dkt. 114, p. 6.] But Plaintiff did not explain what experience he has gained in his prior positions that makes him qualified to offer the expert testimony that he has offered in this case. Those jobs required Hartsock to track and trail, not apprehend suspects. [Dkt. 95-6, p. 21, lines 22-25.] The tracking and trailing of subjects is not at issue in this case. Tracking and trailing a subject is not an excessive use of force. Hartsock's remaining work is with pets, not police canines. [Dkt. 95-6, p. 12 lines 12-25; p. 13, lines 1-20.] Thus, the experience that Hartsock gained while working those jobs is not relevant to the opinions that he offered in this case. It is Plaintiff's burden to show that the proffered expert testimony is both relevant and reliable in a specific case context. *Brown supra.* He has not done so.

### C. It is immaterial whether unqualified expert opinions or testimony aligns with an outside consultant IMPD hired.

Lastly, Plaintiff suggests that his experts are qualified because their opinions are similar to Los Angeles Police Department Sgt. Michael Goosby's opinions. [Dkt. 114, p. 7.] This argument is a red herring. First, witnesses cannot be deemed experts simply because they offer opinions that are similar to the opinions of other people. Sgt. Goosby has not been disclosed as an expert witness

in this case and he is not permitted to offer expert opinion testimony in this case. Thus, the fact that Plaintiff's witnesses intend to say things that are similar to what Sgt. Goosby said is irrelevant.

Second, Plaintiff has not established that Sgt. Goosby's testimony has identified what may be considered best practices or what the constitution requires. Sgt. Goosby offered testimony about how LAPD trains its canines. [Dkt. 117, Dep. of Goosby, p. 176, lines 6-18.] But he also testified that what is best practices for LAPD is based on facts and circumstances unique to Los Angeles. *Id.* As the Seventh Circuit has pointed out, "[p]olice policies are not nationally uniform; nor are they static." *United States v. Brown*, 871 F. 3d 532, 537 (7th Cir. 2017.) These practices are not necessarily the best practices for IMPD or any other departments. [Dkt. 117, p. 175, lines 16-21.] Sgt. Goosby admits that different canine trainers with similar experience and training may not agree with his methods. [Dkt. 117, p. 153, lines 5-15.]

Plaintiff's references to Sgt. Goosby's deposition do not paint a complete picture of Sgt. Goosby's testimony. For instance, Plaintiff notes that LAPD trains their dogs to find and bark, rather than find and bite. [Dkt. 114, p. 9.] But Plaintiff neglects to mention that Goosby also testified that most police departments in the United States train their canines to find and bite. [Dkt. 117, p. 80, lines 16-20.] As stated above, Sgt. Goosby admits that best practices are different for different police departments. Additionally, while Goosby trains his dogs to be verbally recalled, as IMPD does, he does not testify that a hard-out method of pulling a dog off a bite to be a bad thing. [Dkt. 117, pp. 149-150, lines 15-5.] Finally, Goosby states that LAPD does not train their canines that the bite is the reward. Plaintiff then argues that IMPD trains its dogs that a bite is the reward. [Dkt. 114, p. 7.] But there is no evidence in the record that IMPD has trained its canines that a bite is a reward. Officer Groce stated that the bite is the reward on her non-IMPD affiliated Instagram page, but testified in her deposition that IMPD has not trained her that a bite at the end

of a track is a reward for the canine. [Dkt. 79-2, Dep. of Groce, p. 23, lines 20-24.][Dkt. 79-3, Dep. of Patton, p. 22, lines 19-23.]

## CONCLUSION

Plaintiff's experts are not qualified to be admitted as experts in this case. Further, whether their conclusions align with a separate consultant for IMPD is irrelevant. Finally, for all of the reasons set fully forth herein, the Defendants respectfully request this Court to strike Heyen and Hartsock's reports and opinions and for all other relief that is just and proper.

Respectfully submitted,

 s/ Andrew C. Scheil

Andrew C. Scheil (33826-49)
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: andrew.scheil@indy.gov

*Attorney for the Defendants*

**CERTIFICATE OF SERVICE**

  I certify that this document was electronically filed on March 5, 2021. The same day, the following e-filing users were served electronically:

| | |
|---|---|
| Jonathan C. Little<br>Derrick Morgan<br>Annemarie Alonso<br>SAEED & LITTLE, LLP<br>jon@sllawfirm.com<br>derrick@sllawfirm.com<br>annie@sllawfirm.com<br>*Attorneys for Plaintiff* | Martin A. Brown<br>John F. Kautzman<br>Andrew R. Duncan<br>Edward J. Merchant<br> RUCKELSHAUS, KAUTZMAN,<br>BLACKWELL & BEMIS, LLP<br>mab@rucklaw.com<br>jfk@rucklaw.com<br>ard@rucklaw.com<br>ejm@rucklaw.com<br>*Attorneys for Defendants Tom White, Richard Faulkner, Molly Groce and Alfred Robinson* |

    /s/ Andrew C. Scheil
    Andrew C. Scheil (33826-49)
    Assistant Corporation