UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GORDON MITCHUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02277-DLP-JPH |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| INDIANAPOLIS METROPOLITAN | ) | |
| POLICE DEPARTMENT (IMPD), | ) | |
| BRYAN ROACH, | ) | |
| MOLLY GROCE, | ) | |
| DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Defendants' Motion to Strike the Expert Reports of Plaintiff's Experts, Kyle Heyen and Tim Hartsock, Dkt. [98]. Defendants seek to exclude the testimony of Plaintiff's expert witnesses, Kyle Heyen and Tim Hartsock, from consideration during the summary judgment phase. (Dkt. 98). This Motion is now fully briefed and ripe for decision. For the reasons discussed below, Defendants' Motion is **DENIED**.

### I. BACKGROUND

On June 7, 2019, Plaintiff Gordon Mitchum ("Plaintiff" or "Mr. Mitchum") initiated the present lawsuit pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff alleges that on or about May 31, 2018, he and his wife were sitting on their back porch in Indianapolis while IMPD officers were in Mr. Mitchum's neighborhood searching for a suspect. (Dkt. 1 at 3). An IMPD canine, Obi, came around Mr. Mitchum's back yard

1

onto the back porch and bit his left leg and right foot. (Id.). Plaintiff argues that the IMPD negligently released Obi, causing the dog to bite and attack an innocent bystander, in violation of Mr. Mitchum's 4th and 14th Amendment rights pursuant to 42 U.S.C. § 1983. (Dkt. 1 at 2-7; Dkt. 32 at 2).

Plaintiff timely served Defendants with notice of his two experts, Kyle Heyen and Tim Hartsock, on or before August 28, 2020. (Dkt. 68). Defendants filed the present motion to strike the expert reports of Mr. Heyen and Mr. Hartsock from consideration during summary judgment on January 11, 2021. (Dkt. 98). Defendants claim that the opinions of Mr. Heyen and Mr. Hartsock are neither relevant nor reliable, and request that this Court deem the opinions unqualified and inadmissible under Federal Rule of Evidence 702. (Dkt. 99). On February 19, 2021, Plaintiff filed a response in opposition to Defendants' request for exclusion, and on March 5, 2021, Defendants filed a reply. (Dkts. 114, 118).

## II. LEGAL STANDARD

The admission of expert testimony in federal courts is guided by Federal Rule of Evidence 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); and *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015). Federal Rule of Evidence 702 provides that expert testimony is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 allows an expert witness to testify about a relevant scientific issue in contention if his testimony is based on sufficient data and is the product of a reliable methodology correctly applied to the facts of the case. *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010).

The Supreme Court in *Daubert* interpreted Rule 702 to mandate that the district court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. When making these determinations, the district court is the gatekeeper of expert testimony. *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). The Seventh Circuit maintains that "the key to the gate is not the ultimate correctness of the expert's conclusions. Instead, it is the soundness and care with which the expert arrived at her opinion." *Textron*, 807 F.3d at 834 (citing *Schultz v. Akzo Nobel Paints, LLC,* 721 F.3d 426, 431 (7th Cir. 2013)).

As the gatekeeper, the trial court "must engage in a three-step analysis before admitting expert testimony." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017). The court must determine if "the witness is qualified; whether the expert's methodology is scientifically reliable; and whether the testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Id.* "Put another way, the district court must evaluate: (1) the proffered expert's qualifications; (2) the reliability of the expert's methodology; and (3) the relevance of the expert's testimony." *U.S. Sec. & Exch. Comm'n v. ITT Educ. Serv., Inc.*, 311 F. Supp. 3d 977, 982 (S.D. Ind. 2018).

3

Steps one and two of the analysis – analyzing the expert's qualifications and examining the methodology the expert has used in reaching his conclusions – goes to the reliability of the proposed expert's testimony. *Smith*, 215 F.3d at 718. Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony. *Gayton*, 593 F.3d at 616.

A court's reliability analysis does not end, however, with its conclusion that an expert is qualified to testify about a given subject. Next, the court must examine the expert's methodology used to arrive at a particular conclusion. *Gayton*, 593 F.3d at 616. In assessing the reliability of the proffered expert's methodology, *Daubert* provides several guideposts, including: (1) whether the scientific theory has been or can be tested; (2) whether the theory has been subjected to peer-review and/or academic publication; (3) whether the theory has a known rate of error; and (4) whether the theory is generally accepted in the relevant scientific community. *Textron*, 807 F.3d at 835; *Schultz*, 721 F.3d at 431 (citing *Daubert*, 509 U.S. at 593-94). This list is neither exhaustive nor mandatory. *Textron*, 807 F.3d at 835. Ultimately, reliability is determined on a case-by-case basis. *Id.*; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (stating that "the test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case"). Rule 702 certainly permits testimony by an expert whose qualifications are based on his substantial experience. *See Kumho*, 526 U.S. at 152. However, "[i]f the witness is relying solely or primarily on experience, []

4

the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, Advisory Committee Notes, 2000 Amendments (quoting *Daubert*, 43 F.3d at 1319).

Under step three of the Rule 702 analysis, the district court is tasked with analyzing the relevance of the proposed expert testimony. *U.S. Sec. & Exch. Comm'n*, 311 F. Supp. 3d at 982. The court examines whether the proposed expert testimony will assist the trier of fact with its analysis of any of the issues involved in the case. *Smith*, 215 F.3d at 718. "The question of whether the expert is credible or whether his or her theories are correct given the circumstances of a particular case is a factual one that is left for the jury to determine after opposing counsel has been provided the opportunity to cross-examine the expert regarding his conclusions and the facts on which they are based." *Id.* at 719. "It is not the trial court's role to decide whether an expert's opinion is correct. The trial court is limited to determining whether expert testimony is pertinent to an issue in the case and whether the methodology underlying that testimony is sound." *Id.*

### III. DISCUSSION

Defendants argue that Mr. Heyen's lack of experience and continuing education render him unreliable under Rule 702. (Dkt. 99 at 6). As to Mr. Hartsock, Defendants contend that his lack of training and experience with law enforcement canines disqualify him as an expert witness. (Id. at 8). Plaintiff generally maintains that Mr. Heyen's years of experience as a law enforcement officer, canine trainer,

and consultant on canine training render him qualified and his opinion reliable. (Dkt. 114). Plaintiff asserts that Mr. Hartsock is qualified and should be deemed reliable because of his years of experience in training civilian and law enforcement canines, as well as his commitment to continuing education. (Id.).

    *a. Qualifications*

Under Rule 702, a party may introduce an expert opinion if the witness has the requisite "knowledge, skill, experience, training, or education." Anyone who has relevant expertise and can offer opinion testimony that is helpful to a judge or jury may qualify as an expert witness. *See Tuf Racing Prod., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000). Thus, in assessing an expert's qualifications, a court should consider the proposed expert's full range of education, experience, and training. *LG Elec. U.S.A., Inc. v. Whirlpool Corp.*, 661 F.Supp.2d 940, 951 (N.D. Ill. 2009).

    **i. Kyle Heyen**

Mr. Heyen was a police officer in Wyoming from 1979 through 1987. (Dkt. 98-2). He was a trainer of law enforcement dogs and their handlers for over twenty-five years, during which time he trained over 500 service dog teams in areas such as tracking and drug detection, before he retired in 2004. (Id.; Dkt. 98-1 at 3). Now, he is the owner of Detector Dogs International, Inc., through which he is a private consultant providing expert witness testimony on various issues related to law enforcement dogs. (Id.). Mr. Heyen has experience evaluating service dog teams based on internationally recognized standards. (Id.). The Court acknowledges that

6

Mr. Heyen has not attended continuing education and has been retired from law enforcement for many years; those points, however, go to the weight given to Mr. Heyen's testimony, rather than to whether he is qualified to testify. *See, e.g.*, *Steffy v. Cole Vision Corp.*, No. 05-C-0204, 2008 WL 7053517, at * (E.D. Wis. Jan. 9, 2008) (noting the fact that the designated expert had not taken any specific courses regarding PTSD went to the weight to be given her testimony but did not disqualify her from offering expert opinion that Plaintiff suffered from PTSD). The Court is satisfied that Mr. Heyen is qualified to testify to the relevant issues.

### ii. Tim Hartsock

Mr. Hartsock has over 20 years of experience in canine training, both civilian and law enforcement dogs. (Dkt. 98-5). He has over twelve years of experience in training law enforcement canines in tracking and trailing. (Dkt. 98-6 at 20-22; Hartsock Dep. 20:10-22:9). Mr. Hartsock spent seven years with the Indiana Department of Homeland Security running classes and seminars on canine training. (Dkt. 98-6 at 24-26; Hartsock Dep. 24:12-26:23). The Court acknowledges Defendants' concerns that Mr. Hartsock has never been a law enforcement officer, does not handle apprehension with law enforcement dogs, and has not tracked or trailed a live suspect for a police department. Mr. Hartsock also testified, however, that he has been part of thousands of canine tracks (Dkt. 98-6 at 35; Hartsock Dep. 35:16-18) and has trained approximately one hundred law enforcement dogs. (Dkt. 98-6 at 24; Hartsock Dep. 24:4-11). The Court is satisfied that Mr. Hartsock is qualified to testify to the relevant issues in this case.

### b. *Reliability*

The Seventh Circuit has emphasized that a court's inquiry into the reliability of an expert's opinion should be flexible and that the factors of reliability listed in *Daubert* should not be viewed as an exhaustive list. *See Bourelle v. Crown Equip. Corp.*, 220 F.3d 532, 536 n.8 (7th Cir. 2000); *United States v. Vitek Supply Corp.*, 144 F.3d 476, 485 (7th Cir. 1998). Rule 702 requires that the expert explain the "methodologies and principles" that support his opinion, and he cannot simply assert a "bottom line." *Minix v. Canarecci*, 597 F.3d 824, 835 (7th Cir. 2010). Nevertheless, the Advisory Committee notes for Rule 702 state that "[i]n certain fields, experience is the predominate, if not sole, basis for a great deal of reliable testimony." Fed. R. Evid. 702, Advisory Committee Notes, 2000 Amendments. Federal Rule of Evidence 703 allows an expert witness to base an opinion on evidence he has not personally observed but of which he has become aware. Fed. R. Evid. 703. In some cases, the relevant reliability analysis focuses upon personal knowledge or experience. *United States v. Brumley*, 217 F.3d 905, 911 (7th Cir. 2000) (citing *Kumho Tire*, 526 U.S. at 150, 119 S.Ct. 1167).

### i. Kyle Heyen

Defendants largely use the same arguments against reliability that were used with regard to Mr. Heyen's qualifications, namely that Mr. Heyen's opinion is not reliable because he is not an active law enforcement member, he has not attended continuing education seminars, and he does not belong to any canine associations. (Dkt. 99 at 7-8). Plaintiff notes that Mr. Heyen has extensive specialized experience

in the area of law enforcement canine training and evaluation, and that numerous courts have permitted Mr. Heyen to testify on the topics of canine training and evaluation. (Dkt. 114 at 4-5).

The Court notes that Mr. Heyen has over forty (40) years of experience related to law enforcement and canine training. (*See* Dkt. 98-1). Although he is not a member of canine associations, he testified that he is familiar with their guidelines and standards. (Dkt. 98-3 at 61-64; Heyen Dep. 61:12 – 64:2).

Additionally, Mr. Heyen testified that there is not one accepted standard that all canine organizations use; instead, each organization or law enforcement agency adopts their own standards and guidelines. When he consults on cases, he reviews the actions of the canine and handler and compares them with the training provided and guidelines followed in that particular case. (Dkt. 98-3 at 73; Heyen Dep. 73:11-15). The Court is satisfied that Mr. Heyen's years of experience in the field of canine training allow him to render an opinion as to whether the canine in this case met all relevant standards.

Most of Defendants' arguments relate to the credibility of Mr. Heyen's testimony; whether Mr. Heyen's opinion is correct, however, is not an appropriate consideration for this motion – instead, that question is left for the trier of fact after the Defendants' opportunity for cross-examination. *See Smith*, 215 F.3d at 719.

Defendants also urge the Court to take note of a recent case in which Mr. Heyen testified in Louisiana, where the court discounted Mr. Heyen's experience for the same reasons put forth by Defendants in the present motion: his retirement from

9

law enforcement and lack of continuing education and admission to any canine association. (Dkt. 99 at 7-8). Defendants leave out the context of the cited case: the court permitted Mr. Heyen to testify as an expert, but discounted his testimony in favor of an expert with more recent experience and more active continuing education. *United States v. Gomez*, 444 F. Supp. 3d 739, 746 (M.D. La. 2020). Other Courts have similarly permitted Mr. Heyen to testify while weighing his testimony against that of other experts. *See United States v. Simeon,* 115 F. Supp. 3d 981, 1001 (N.D. Iowa 2015) (discounting Heyen's opinion due to lack of recent experience); *Campbell v. City of Springboro, Ohio*, 788 F. Supp. 2d 637, 661 (S.D. Ohio 2011), aff'd in part, appeal dismissed in part, 700 F.3d 779 (6th Cir. 2012) (crediting Heyen's years of experience using and training police dogs).

Mr. Heyen's experience in recent years is limited to consulting and expert testimony; nevertheless, Mr. Heyen consistently notes that his opinions in this case are based on his experience as a law enforcement officer and canine trainer, along with his review of ten depositions, the various police reports, and IMPD's policies regarding canines, among other documents. (Dkt. 98-1 at 4-5). Such a methodology has been found to be reliable by the Seventh Circuit as well as courts within the Seventh Circuit. *See, e.g.*, *Lees v. Carthage College,* 714 F.3d 516, 524 (7th Cir. 2013) (finding expert's methodology, that, among other things, consisted of reviewing witness statements, security protocols, and police reports, and drew on his experience and expertise, reliable); *Manjarrez v. Georgia-Pac. LLC*, No. 12 C 1257, 2013 WL 3754861, at *5 (N.D. Ill. July 16, 2013) (expert found reliable where opinion

10

was based on experience and review of relevant case documents). Thus, the Court finds Mr. Heyen's opinion to be reliable.

### ii. Tim Hartsock

Defendants generally argue that Mr. Hartsock has "no experience as a law enforcement officer, has never trained law enforcement dogs in apprehension tactics, and has never done any tracking and trailing of live suspects for police departments." (Dkt. 99 at 8). Plaintiff maintains that although Mr. Hartsock has not been a law enforcement officer, he has worked with law enforcement officers and assisted in training law enforcement canines for over twelve years. (Dkt. 114 at 6).

Mr. Hartsock has over twenty (20) years of experience in dog training and in law enforcement dog training. (Id.). Specifically, he is a member of various canine associations, regularly attends and teaches continuing education, has worked with law enforcement patrol dogs in tracking and trailing, and has worked with various Indiana police departments in locating missing persons. While it is true that Mr. Hartsock testified that he has never worked with law enforcement to track a live *suspect*, he has worked to track live individuals, such as missing persons, and has located a human whose whereabouts were initially unknown. (Dkt. 98-6 at 35-36, 102; Hartsock Dep. 35:7-36:22, 102:2-16).

Defendants' briefing suggests that both of Plaintiff's proposed experts are not qualified because they do not hold every criterion an expert on canine training could hold; that level of perfection, however, is not the standard. *Loontjens v. Sentry Ins.*, No. 13-CV-1217-JPS, 2014 WL 5305893, at *5 (E.D. Wis. Oct. 15 2014) (noting that

11

"[w]hile [the designated expert] may not be the most qualified person to testify on the issue before the court, the Federal Rules of Evidence [] do not require such a standard"). The Court's concern is ensuring that an expert's opinion is relevant to the issues on which the opinion purports to testify and that the experience underlying that opinion is sound. Here, the Court is satisfied that Mr. Hartsock's extensive experience in training law enforcement and civilian dogs provides a sound basis for his opinion on the training and behavior of K9 Obi. As noted previously, because Mr. Hartsock's expert opinion is based on his years of experience training canines and his review of the relevant documentation in this case, the Court is permitted to find that opinion reliable. *See Lees,* 714 F.3d at 524; *Manjarrez*, 2013 WL 3754861, at *5. Accordingly, the Court deems Mr. Hartsock's opinion reliable.

    c. *Relevance*

        **i. Kyle Heyen**

Defendants do not directly address the relevance of Mr. Heyen's opinion, instead focusing generally on whether Mr. Heyen is qualified to present an opinion in this case, focusing again on the issues of Mr. Heyen's retirement from law enforcement and lack of continuing education and admission to a canine association. (Dkt. 99 at 6-8). The Court already addressed these grounds for exclusion. Attacks on Mr. Heyen's credibility, his methodology, and the overall strength of his opinion may be raised by the Defendants at trial. *See Henning v. City of Fort Wayne*, No. 1:08-CV-00180, 2009 WL 2905482, at *5 (N.D. Ind. Sept. 8, 2009); *see also Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 138 F. Supp. 2d 1088, 1097-98 (N.D.

Ill. 2001) (emphasizing to defendant that it was free to cross-examine plaintiff's roofing expert, whose opinion was based on firsthand observation combined with extensive roofing experience, concerning his methodology). Moreover, Mr. Heyen's opinion as to whether the actions of Officer Groce and K9 Obi complied with the appropriate canine standards is extremely relevant to this case.

### ii. Tim Hartsock

Defendants similarly do not address the relevance of Mr. Hartsock's opinion, choosing instead to focus on his lack of law enforcement background and experience with tracking or apprehending live suspects. (Dkt. 99 at 8-10). As stated previously, any of the Defendants' concerns related to Mr. Hartsock's credibility, methodology, or correctness may be raised at trial. Mr. Hartsock's opinion, based on his years of experience in training civilian and law enforcement dogs and his review of the pertinent documents in this matter, on whether Officer Groce and K9 Obi substantially complied with the relevant canine standards is relevant to this case.

### IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Strike the Expert Reports of Plaintiff's Experts, Kyle Heyen and Tim Hartsock, Dkt. [98], is **DENIED**.

So ORDERED.

Date: 4/20/2021

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.