IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GORDON MITCHUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-02277-DLP-JPH |
| ) | |
| CITY OF INDIANAPOLIS, ) | |
| INDIANAPOLIS METROPOLITAN POLICE ) | |
| DEPARTMENT, and in their official and ) | |
| Individual capacities, the following IMPD officers: ) | |
| RANDALL TAYLOR, MOLLY GROCE ) | |
| , and DOES 1-50, ) | |
| ) | |
| Defendants. ) | |

**Defendants' Objection to Plaintiff's Trial Witnesses**

Defendants, by counsel, object to the below witnesses from Plaintiff's Amended Witness List. [Dkt. 131]. In support of their objections, Defendants state as follows.

**1.   Defendants object to Plaintiff calling Ella White.**

Defendants object to Plaintiff calling Ella White as a witness at trial. Ms. White is Plaintiff's daughter but was not present for the incident giving rise to this lawsuit. It appears Ms. White is going to testify regarding the affect the incident has had on the Plaintiff, her mother, her family, and the layout of the property. She is unable to offer evidence on a fact that is of consequence in determining Plaintiff's action against the Defendants.

Indeed, to prevail at trial, Plaintiff must establish that the Defendants or the City's policies caused Defendant Groce to seize Plaintiff and use excessive force against him. Ms. White unable to testify about that issue. Thus, her testimony is irrelevant and inadmissible. *See* Fed. R. Evid. 401 and 402.

However, even if her testimony was relevant, which it is not, its probative value would be substantially outweighed by a danger of confusing the issues, misleading the trier of fact, undue delay, wasting time, and needlessly presenting cumulative evidence. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The substance of her testimony will be presented by other witnesses at trial. Plaintiff is expected to testify at trial. [Dkt. 131, ¶ 1]. Plaintiff "will be testifying to his damages as well as the facts of the events giving rise to this case. Mr. Mitchum will also testify about the physical lay out of his property and the impact that IMPD deliberate indifference to his safety has caused himself and his family." *Id*.

Since White will testify about matters with little to no probative value that other witnesses will testify about, her testimony should be precluded under Rule 403 as cumulative evidence. *See McCauley v. Nucor Corp*., 2007 WL 2316463, at *7 (S.D. Ind. Aug. 10, 2007) (granting Defendant's motion to exclude Plaintiff's expert witness, in part, because witness's "testimony [wa]s cumulative and offers nothing new that would assist the trier of fact because the remainder of his opinions are already well covered by the other three experts …[so] [h]e adds nothing novel or particularly insightful…"); *accord United States v. Savage*, 505 F.3d 754, 762 (7th Cir. 2007) (affirming the district court's exclusion of evidence at trial "finding that concerns for confusion of the issues and presentation of cumulative evidence outweighed the limited probative value of the [evidence]").

After hearing from Plaintiff, the trier of fact will not benefit from hearing the cumulative testimony Ms. White will offer. Thus, Defendants respectfully request that this Court exclude the

testimony of Ella White at trial because her testimony would be irrelevant and its probative value would be substantially outweighed by a danger of confusing the issues, misleading the trier of fact, undue delay, wasting time, and needlessly presenting cumulative evidence. *See* Fed. R. Evid. 401, 402, and 403.

**2.    Defendants object to Plaintiff calling Ryan Martin.**

Defendants object to Plaintiff calling Mr. Martin as a witness at trial. It appears Mr. Martin is going to testify regarding the number of bites by IMPD K-9s compared to K-9s in other US law enforcement agencies and testify to documents obtained through public records requests and media outlets. He is unable to offer admissible evidence and therefore should be excluded.

Mr. Martin is a reporter, and therefore not qualified to enter evidence regarding the number of bites by the IMPD K-9s or K-9s in other US law enforcement agencies. It appears Plaintiff will be attempting to enter records received by Plaintiff and/or Mr. Martin through the business records exception to the rule against hearsay. Fed. R. Evid. 803(6). Mr. Martin lacks the foundation to present those records as he is not someone with personal knowledge of the records. Fed. R. Evid. 803(6)(A). And, as argued in Defendants Objection to Plaintiff's Trial Exhibits, Defendants are not in possession of the records. Thus, the records, and Mr. Martin's testimony, should be excluded.

Punitive damages are recoverable under § 1983 if Plaintiff makes a showing of "evil motive or intent, or ... reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 35, 56 (1983). See also *Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004)("Punitive damages are recoverable in § 199 (2017 rev.) 1983 actions where the defendant had a reckless or callous disregard to the federally protected rights of others."). Mr. Martin is unable to testify whether Defendants had an evil motive or

intent, or whether they acted recklessly or callously to Plaintiff's federally protected rights. Thus, his testimony is irrelevant and inadmissible. *See* Fed. R. Evid. 401 and 402.

### 3. Defendants object to Plaintiff calling Emma Hyndman.

Defendants object to Plaintiff calling Emma Hyndman as a witness at trial. It appears Ms. Hyndman is going to testify regarding the number of bites by IMPD K-9s compared to K-9s in other US law enforcement agencies and testify to documents obtained through public records requests and media outlets. She is unable to offer admissible evidence and therefore should be excluded.

Ms. Hyndman is a law-clerk at Plaintiff's counsel's firm, and therefore not qualified enter evidence regarding the number of bites by the IMPD K-9s or K-9s in other US law enforcement agencies. It appears Plaintiff will be attempting to enter records received by Plaintiff and/or Ms. Hyndman through the business records exception to the rule against hearsay. Fed. R. Evid. 803(6). Ms. Hyndman lacks the foundation to present those records as he is not someone with personal knowledge of the records. Fed. R. Evid. 803(6)(A). Thus the records, and Ms. Hyndman's testimony are hearsay.

Punitive damages are recoverable under § 1983 if Plaintiff makes a showing of "evil motive or intent, or ... reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 35, 56 (1983). See also *Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004)("Punitive damages are recoverable in § 199 (2017 rev.) 1983 actions where the defendant had a reckless or callous disregard to the federally protected rights of others."). Ms. Hyndman is unable to testify whether Defendants had an evil motive or intent, or whether they acted recklessly or callously to Plaintiff's federally protected rights. Thus, her testimony is irrelevant and inadmissible. *See* Fed. R. Evid. 401 and 402.

Respectfully submitted,

s/ Andrew C. Scheil

Andrew C. Scheil (33826-49)
Assistant Corporation Counsel
Office of Corporation Counsel
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: andrew.scheil@indy.gov

*Attorney for the Defendants*

**CERTIFICATE OF SERVICE**

I certify that this document was electronically filed on July 12, 2021. The same day, the following e-filing users were served electronically:

| | |
|---|---|
| Jonathan C. Little<br>Derrick Morgan<br>Annemarie Alonso<br>SAEED & LITTLE, LLP<br>jon@sllawfirm.com<br>derrick@sllawfirm.com<br>annie@sllawfirm.com<br>*Attorneys for Plaintiff* | Martin A. Brown<br>John F. Kautzman<br>Andrew R. Duncan<br>Edward J. Merchant<br>RUCKELSHAUS, KAUTZMAN,<br>BLACKWELL & BEMIS, LLP<br>mab@rucklaw.com<br>jfk@rucklaw.com<br>ard@rucklaw.com<br>ejm@rucklaw.com<br>*Attorneys for Defendant Molly Groce* |

/s/ Andrew C. Scheil__
Andrew C. Scheil (33826-49)
Assistant Corporation Counsel