UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GORDON MITCHUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02277-DLP-JPH |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| MOLLY GROCE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On July 12, 2021, this Court denied Defendant Molly Groce's motion for summary judgment on the basis of qualified immunity. (Dkt. 133). On July 15, 2021, Defendant Groce appealed this denial to the Seventh Circuit, (Dkt. 139), and filed a motion to stay proceedings in this Court pending the outcome of that interlocutory appeal. Dkt. [142]. On July 21, 2021, Plaintiff Gordon Mitchum filed a motion requesting that this Court certify as frivolous the Defendant's appeal of this Court's denial of summary judgment on the basis of qualified immunity. Dkt. [150]. For the reasons set forth below, the Court **DENIES** the Plaintiff's motion to certify the Defendant's appeal as frivolous and **GRANTS** the Defendant's motion to stay proceedings.

### A. Motion to Certify

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*,

472 U.S. 511, 530 (1985). This is because an issue of qualified immunity concerns whether a defendant may be subject to trial, an issue that would be rendered moot if not addressed until after a trial has taken place. *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one."). So long as the issues addressed by the appellate court are legal, rather than factual, the appellate court may "consider the propriety of a denial of qualified immunity even on grounds other than those relied on in the district court." *Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 912 (7th Cir. 2011). However, if an issue on appeal is a "sham" or "so baseless that it does not invoke appellate jurisdiction," a district court may certify the appeal as frivolous and move forward with trial. *Hurt v. Vantlin*, No. 3:14-cv-00092-JMS-MPB, 2017 WL 1709499, at *2 (S.D. Ind. May 3, 2017) (quoting *Apostol*, 870 F.2d at 1338-39). In this way, district courts may prevent parties from seeking to delay trial for tactical or strategic purposes. *Apostol*, 870 F.2d at 1338-39. However, a district court must use this power with restraint. *Id*. at 1339.

Despite the requirement that issues on appeal following a denial of qualified immunity be of a legal nature, "[a] district court's finding that there are genuine issues of material fact 'does not always preclude appellate review.'" *Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013) (citing *Sallenger v. Oakes*, 473 F.3d 731, 738 (7th Cir. 2007)). An appellate court must simply refrain from making "conclusions about which facts the parties ultimately might be able to establish at trial." *Gutierrez*, 722 F.3d at 1009 (citing *Leaf v. Shelnutt,* 400 F.3d 1070, 1078 (7th

Cir.2005)). The appellate court must instead consider the facts as the district court assumed them when denying summary judgment or in the light most favorable to the plaintiff. *Gutierrez*, 722 F.3d at 1009. Nevertheless, the court is still capable of considering abstract issues of law, such as "whether a given set of undisputed facts demonstrates a violation of clearly established law." *Id.* (citing *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996)).

Here, this Court's order denying the Defendant's motion for summary judgment on the basis of qualified immunity functioned as a collateral order, and was immediately appealable to the Seventh Circuit. While the basis for the Court's denial of summary judgment was the existence of several disputes of fact, (Dkt. 133 at 29-30), the Defendant has stipulated that she will accept the facts assumed by this Court and the undisputed facts presented by the Plaintiff as true for purposes of interlocutory appeal. (Dkt. 154 at 2). The Defendant asks the Seventh Circuit to review this Court's denial of qualified immunity only to the extent that it involves issues of law. (Id.). The Defendant's appeal cannot, therefore, be said to be a "sham" or "baseless." As such, the Court **DENIES** Plaintiff's motion to certify it as frivolous.

### B. Motion to Stay

Regarding appeals of denials of qualified immunity, the Seventh Circuit has held that "[i]n the absence of the district court's reasoned finding of frivolousness or forfeiture, . . . the trial is automatically put off." *Apostol*, 870 F.2d at 1339. Indeed, the filing of an appeal "confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal." *Id.* at 1337 (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)). This serves to avoid confusion and duplication of effort. *Apostol*, 870 F.2d at 1337.

Here, the Defendant has appropriately appealed an issue within the jurisdiction of the Seventh Circuit. That issue, a question of the existence of qualified immunity, concerns whether a trial is appropriate at all. Furthermore, the issue on appeal is neither factual nor frivolous. Accordingly, control over the existence of a trial is divested from the Court, so the Court must **GRANT** the Defendant's motion to stay proceedings, pending the Seventh Circuit's ruling on Defendant's interlocutory appeal.

### C. Conclusion

The Defendant has appealed issues of law, not fact, and has not raised baseless issues intended solely to delay trial for tactical advantage. Accordingly, the Court **DENIES** the Plaintiff's motion to certify the appeal as frivolous, Dkt. [150]. Furthermore, as the issue on appeal concerns whether the trial itself is appropriate, the Court **GRANTS** the Defendant's motion to stay proceedings, Dkt. [142], pending the Seventh Circuit's resolution of the interlocutory appeal. Accordingly, the final pretrial conference scheduled for August 5, 2021 and the bench trial scheduled for August 25, 2021 are vacated. This action is hereby **STAYED.**

So ORDERED.

Date: 7/29/2021

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email